IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V. and )
PHILIPS NORTH AMERICA LLC, )
)
Plaintiffs, )
)
v. )   C.A. No. 20-1240 (CFC)
)
DELL TECHNOLOGIES INC. and )
DELL INC., )
)
Defendants. )

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO
DISMISS PLAINTIFFS' CLAIMS OF INDIRECT INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michael J. Newton
Brady Cox
ALSTON & BIRD LLP
2200 Ross Avenue
Chase Tower, Suite 2300
Dallas, TX  75201
(214) 922-3400

August 9, 2022

# TABLE OF CONTENTS

I.   Nature and stage of the proceedings.................................................1

II.  Summary of argument ......................................................................2

III. Statement of facts ...........................................................................4

     A.   The instant action and asserted patents ................................4

     B.   Philips' direct and indirect infringement
          allegations against Dell .........................................................5

     C.   The ITC Investigation .............................................................7

IV.  Argument and citation of authorities..............................................8

     A.   Philips' Complaint fails to state a plausible claim
          against Dell for either induced or contributory
          infringement ..........................................................................9

          1.   Philips has failed to sufficiently allege that
               Dell knew of the Asserted Patents prior to
               suit ...............................................................................10

          2.   Philips has failed to sufficiently allege that
               Dell knows that its customers infringe ......................12

     B.   The ITC's noninfringement determination renders
          implausible the allegation that Dell believes it is
          inducing or contributing to its customer's alleged
          infringement ........................................................................14

     C.   Philips' indirect infringement claims should be
          dismissed without leave to amend......................................15

V.   Conclusion ....................................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
  C.A. No. 16-662, 2019 WL 350620 (D. Del. Jan. 29, 2019) .........................9, 12

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964)........................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................8, 9, 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)......................................................................................9

*Cornell Univ. v. Illumina, Inc.*,
  No. 10-433-LPS-MPT, 2017 WL 89165 (D. Del. Jan. 10, 2017) .....................15

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  C.A. No. 18-098, 2018 WL 6629709 (D. Del. Dec. 19, 2018) .....................9, 13

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
  2020 WL 4192613 (D. Del. July 21, 2020).......................................................12

*E.I. Du Pont De Nemours & Co. v. Heraeus Precious Metals N. Am.
  Conshohocken LLC*, No. 11-773-SLR, 2013 WL 4047648
  (D. Del. Aug. 8, 2013) ......................................................................................16

*Enzo Life Scis., Inc. v. Digene Corp.*,
  270 F. Supp. 2d 484 (D. Del. 2003)..................................................................15

*Express Mobile, Inc. v. Squarespace, Incl*,
  C.A. No. 20-1163-RGA, 2021 WL 3772040
  (D. Del. Aug. 25, 2021) ....................................................................................12

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)...........................................................................................9

*Hoai Dang v. Samsung Elecs. Co.*,
     No. 14-CV-00530-LHK, 2018 WL 6308738 (N.D. Cal. Dec. 3,
     2018), *aff'd sub nom. Dang v. Samsung Elecs. Co., Ltd*, 803 F.
     App'x 137 (9th Cir. 2020) .................................................................14

*IPtronics Inc. v. Avago Techs. U.S., Inc.*,
     No. 14-CV-05647-BLF, 2015 WL 5029282 (N.D. Cal. Aug. 25,
     2015) .......................................................................................................15

*Koloni Reklam, Sanayi, Ticaret LTD/STI v. Viacom, Inc.*,
     No. 16-285-SLR, 2017 WL 726660 (D. Del. Feb. 23, 2017)..........................14

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*,
     29 F. Supp. 3d 455 (D. Del. 2014)....................................................13

*TriPlay, Inc. v. WhatsApp Inc.*,
     C.A. No. 13-1703, 2018 WL 1479027 (D. Del. Mar. 27, 2018) .........................9

*VLSI Tech. LLC v. Intel Corp.*,
     C.A. No. 18-966-CFC, 2020 WL 3488584 (D. Del. June 26, 2020) ................11

*Wilkerson v. New Media Tech. Charter Sch. Inc.*,
     522 F.3d 315 (3d Cir. 2008) ...............................................................9

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
     528 F. Supp. 3d 247 (D. Del. 2021).............................................9, 12

**Rules and Statutes**

28 U.S.C. § 1659.................................................................................1

35 U.S.C. § 287..................................................................................7

Fed. R. Civ. P. 12(b)(6)...............................................................2, 15, 16

§ 337 of the Tariff Act of 1930......................................................1

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Koninklijke Philips N.V. and Philips North America LLC (collectively "Philips") filed this patent infringement suit against Defendants Dell Technologies Inc. and Dell Inc. (collectively "Dell") on September 17, 2020, alleging infringement of four U.S. patents.  The following day, on September 18, 2020, Philips filed a complaint with the U.S. International Trade Commission ("ITC") under Section 337 of the Tariff Act of 1930, alleging that various computer chip manufacturers and their customers, including Dell, had infringed the same four patents.  *See* Declaration of Michael J. Newton ("Newton Decl."), Exh. A.  On October 16, 2020, the ITC issued a Notice of Institution of Investigation for an investigation entitled: In The Matter Of Certain Digital Video-Capable Devices and Components Thereof, Inv. No. 337-TA-1224 ("the ITC Investigation").  The Court subsequently stayed this case, along with six other suits that Philips filed in this District against other respondents named in the ITC Investigation, pending resolution of the ITC Investigation as required by 28 U.S.C. § 1659.  D.I. 8.  In a March 23, 2022 opinion, the Commission found that Dell did not infringe U.S. Patent Nos. 10,091,186 ("the '186 Patent") and 10,298,564 ("the '564 Patent")[1]

---

[1] During the ITC proceeding, and prior to the Commission's Opinion, Philips moved to terminate the investigation as to the claims of infringement of U.S. Patent Nos. 9,436,809 ("the '809 Patent") and 9,590,977 ("the '977 Patent"). *See* Newton Decl., Exh. B, p. 4.

and terminated the ITC Investigation.   Newton Decl., Ex. B (Commission Op.,
EDIS Doc. No. 769212), p. 2.

Following the Commission's noninfringement findings, Dell now moves to
dismiss Philips' induced and contributory infringement claims from this case for
failure to state a claim under Fed. R. Civ. P. 12(b)(6) and to deny leave to amend
the Complaint as futile.

## II.   SUMMARY OF ARGUMENT

Philips' claims for indirect infringement (both induced and contributory)
should be dismissed for failure to state a claim that is facially plausible.  Philips'
Complaint fails to allege facts sufficient to support a reasonable inference that Dell
subjectively knows that its accused video-capable products have no substantial
noninfringing use and induces Dell's customers to sell or use products that actually
infringe the asserted patents.  Without such intent, Dell cannot be indirectly liable
for the purported infringement of its customers, consumers, and resellers.

The Complaint alleges that Dell had actual notice of its alleged infringement
based on: (1) a 2014 letter identifying a patent and pending application that are
unasserted against Dell in this action; (2) the filing of the Complaint in this action;
and (3) a letter Philips delivered to Dell on the same day this action was filed.
Courts in this District have repeatedly held that such truncated notice cannot
provide a plausible basis for alleging the required knowledge and particular intent

2

required for indirect patent infringement. Further, a letter providing supposed notice of unasserted patents and patent applications cannot be said to provide notice of the patents actually asserted in this action.

Philips' additional allegations supporting its indirect infringement claims also fail to support its claims. Philips alleges that Dell advertises the accused products and provides instructions, user guides, and software updates to customers regarding the use and operation of the accused products. Devoid from Philips' complaint, however, are any actual facts that would reasonably justify an inference that Dell possesses the requisite knowledge and intent for its customers to infringe. It is settled law that allegations of that sort are inadequate to avoid a motion to dismiss.

Philips' knowledge and intent allegations also are implausible for a more fundamental and unavoidable reason. When assessing facial plausibility of complaint allegations, context matters. And the context here is that the ITC—after full fact and expert discovery, a week-long evidentiary hearing, and voluminous briefing—ruled that Dell's accused products do not infringe the '186 and '564 Patents. Philips has no facts to allege that plausibly suggest Dell actually believes the Commission was wrong and its accused products infringe, or that it infringes the two patents Philips terminated from the ITC Investigation. Given these failings, Philips' attempts at amendment would be futile, and its indirect

3

infringement claims against Dell should therefore be dismissed without leave to amend.

## III.   STATEMENT OF FACTS

### A.   The instant action and asserted patents

Philips filed its district court Complaint against Dell on September 17, 2020, alleging direct and indirect infringement of four related patents directed to secure authenticated distance measurement between transmitting and receiving devices— the '809, '186, '977, and '564 Patents (the "Asserted Patents").   D.I. 1.   The Asserted Patents are all closely related, as they share the same written description and figures, and, on their face, claim priority to a common original application. *See* D.I.1, Exhs. A-D.

The basic concept of the Asserted Patents is depicted in patent Figure 1 (annotated below). *See* D.I., Exh. A, Fig. 1.  A computer with protected content to



FIG. 1

transmit is shown in the center of a circle, which represents the maximum distance from the transmitting computer that a receiving computer may be and still be allowed to receive the protected content.   Computers inside the circle (green) are allowed to receive the protected content, while computers outside

4

the circle (pink) are too far away for access.  To implement this arrangement, the patents present a two-part approach.  First, during authentication, the transmitting computer receives a digital certificate from the receiving device where the certificate indicates or includes information that can be used to determine whether the receiving device is compliant with compliance rules.  D.I.1, Exh. B at 2:43-49, 3:60-65; D.I.1, Exh. A at 2:38-44, 3:56-61.  If so, the transmitting computer uses the time between sending a first signal and receiving a responsive signal back from the receiving device to measure the distance.  D.I.1, Exh. B at 2:61-3:19, 4:36-48, 5:39-50; D.I.1, Exh. A at 2:56-3:14, 4:32-44, 5:36-47.  Philips' infringement allegations across all defendants are directed generally to circuits, processors and associated firmware manufactured by Intel, Mediatek and others, and the Dell, Lenovo, and HP computers and others that incorporate those processors and firmware and that support HDCP 2.0 and higher protocol transmissions.  Newton Decl., Exh. A ¶¶ 61, 106.  Philips attached to its Complaint claim charts at Exhibits E, F, G and H which refer to exemplary Dell laptop computers containing processors and firmware capable of supporting HDCP 2.0 and higher protocol transmissions.  *See* D.I.1, Exhs. E-H.

### B.   Philips' direct and indirect infringement allegations against Dell

With its direct infringement claims, Philips alleges that Dell infringes the Asserted Patents by its manufacture, importation, and/or sale of certain digital

video-capable devices that include allegedly infringing circuits, processors and associated firmware (the "Accused Products"), which Philips identifies as "all digital video-capable devices, including but not limited to, laptops, desktops, all-in-one PCs, thin clients, tablets, convertible PCs, workstations, servers, monitors, displays, projectors, video adapters, and/or video hubs, and other products that support the HDCP 2.0 protocol  and above." D.I.1, ¶ 21.  The Accused Products include, amongst others, Dell's Alienware, Inspiron, G-Series, Latitude, Chromebook and XPS laptops; Inspirion PCs; Wyse thin client computers; Latitude, XPS, and Inspiron tablets and/or convertible PCs; Precision workstations; Alienware, XPS, G-Series, Inspiron, Vostro, Optiplex, and Precision desktops; PowerEdge servers; Alienware, S-Series, and Ultrasharp monitors and displays; Dell S510 and S520 projectors; HDMI 2.0 video adapters; and Dell Universal Dock and Dell Docking Stations. *Id.*

Philips also alleges that Dell indirectly infringes the Asserted Patents by specifically and intentionally inducing and contributing to its customers, end users, resellers and distributors' direct infringement by their purchase and/or use of Dell's Accused Products.  D.I. 1, ¶¶ 23-24.  To support its indirect infringement claims, Philips claims that Dell received "actual notice" of the Asserted Patents as follows:

> Defendants received actual notice of the Asserted Patents at least as early as March 21, 2014 by way of a letter to Defendants dated March 21, 2014.  That letter included references to U.S. Patent No. 8,543,819 and U.S. Pat.

> App. No. 10/521,858.  Defendants received a second
> letter dated September 16, 2020 that included allegations
> of infringement of the Asserted Patents. Additionally, the
> filing of this Complaint also constitutes notice in
> accordance with 35 U.S.C. §287.

D.I.1, ¶ 19.

Philips then alleges that Dell's Accused Products have no substantial non-infringing use, and are a material part of the inventions of the Asserted Patents. D.I.1, ¶ 22.  Philips also alleges, without factual support, that Dell specifically intended for its customers, consumers, and retailers to perform acts of direct infringement of the Asserted Patents, due to its design of the Accused Products to support HDMI and HDCP 2.0 and above.  *Id*., ¶ 24.  Dell also allegedly contributes to its customers and end users' infringement by encouraging them to download software updates for their Dell products via the internet, and by providing unspecified instructions, user guides and other documentation that, when followed, cause Dell's customers, consumers and resellers to directly infringe the Asserted Patents.  *Id*., ¶¶ 25, 34, 44, 54, 64.

## C.    The ITC Investigation

Philips filed its ITC complaint naming Dell and others as respondents on September 18, 2020.  Newton Decl., Ex. A.  As in this and Philips' related actions, the ITC complaint asserted the Asserted Patents against circuits, processors and associated firmware manufactured by Intel, Mediatek and others, and the Dell,

Lenovo, and HP computers (amongst others) that incorporate those processors and firmware and that support HDCP 2.0 and higher protocol transmissions. *Id.* at ¶¶ 61, 106. Philips' infringement theories specific to Dell alleged that Dell induced and contributed to its suppliers' infringement by encouraging and contracting with them to supply infringing components, and to its downstream customers' infringement by advertising and selling digital video-capable devices that include infringing components. *Id.* at ¶¶ 104-106.

After fact and expert discovery concluded, Philips tried its case to the Administrative Law Judge ("ALJ")  over five days of live testimony and exhibits, which concluded with more than 800 pages of briefing.  The ALJ's Initial Determination found that Dell did not infringe the '186 and '564 Patents, and upon further briefing and review, the full Commission agreed and concluded that none of Dell's accused products infringed those patents and terminated the ITC investigation.  Newton Decl., Ex. B at pp. 2, 14-25, 34-41.

## IV.   ARGUMENT AND CITATION OF AUTHORITIES

To plead a claim for patent infringement, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc*., C.A. No. 18-098, 2018 WL 6629709, at *1 (D. Del. Dec. 19, 2018) (holding that it is improper to accept as true "bald assertions, unsupported conclusions or unwarranted inferences").  Of particular relevance here, allegations that "simply parrot the statutory language" fail to state a plausible claim of indirect infringement.  *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662, 2019 WL 350620, at *5 (D. Del. Jan. 29, 2019).  Rather, "'the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element' of a plaintiff's claim." *TriPlay, Inc. v. WhatsApp Inc.*, C.A. No. 13-1703, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018) (quoting *Wilkerson v. New Media Tech. Charter Sch. Inc*., 522 F.3d 315, 321 (3d Cir. 2008)). Assessing plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## A.   Philips' Complaint fails to state a plausible claim against Dell for either induced or contributory infringement

"Claims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant: (1) knew of the existence of the asserted patent, and (2) knew that a third party's acts constituted infringement of the patent." *ZapFraud, Inc. v. Barracuda Networks, Inc*., 528 F. Supp. 3d 247, 249 (D. Del. 2021) (citing *Commil USA, LLC v. Cisco Sys., Inc*., 135 S. Ct. 1920, 1926 (2015); *Global-Tech*

*Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); and *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).  Philips' Complaint does not allege facts that plausibly support an inference that before the Complaint, Dell knew of Philips' infringement claims. Nor do Philips' allegations plausibly support an inference that Dell knew that its customers infringe the Asserted Patents by using or selling Dell's Accused Products.

### 1.    Philips has failed to sufficiently allege that Dell knew of the Asserted Patents prior to suit

To support its claims for indirect infringement, Philips alleges that Dell had actual notice of the Asserted Patents and its allegations based on: (1) a 2014 letter identifying a patent and pending application that are unasserted against Dell in this action; (2) the filing of the Complaint in this action; and (3) a letter Philips actually delivered to Dell on the same day this action was filed.  D.I.1, ¶ 19.  None of these allegations plausibly support an inference that Dell knew of the Asserted Patents.

As an initial matter, Philips' March 21, 2014 letter to Dell (Newton Decl., Exh. C) contained a laundry list of nearly 500 U.S. and foreign patents available for licensing (letter enclosure 1), but listed only 20 U.S. patents allegedly infringed by Dell (letter enclosure 2).  Notably absent from the second enclosure – entitled "Portable Features Patents infringed by Dell" – are U.S. Patent No. 8,543,819 and

U.S. Patent App. No. 10/521,858,[2] as referenced in Philips' Complaint.   More importantly, Philips fails to explain, and the law does not support such an allegation, how Dell's supposed notice of unasserted patents can lead to notice of any of the actually asserted patents in this case.   *See VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2020 WL 3488584, at *5 (D. Del. June 26, 2020) ("Allegations about monitoring competition generally and about patents not asserted here do not plausibly establish that [defendant] had knowledge of infringement of the [asserted] patents.").   In fact, the date of Philips' supposed first notice letter – March 21, 2014 – is ***nearly eight months earlier*** than the filing date of the application leading to the earliest of the Asserted Patents.[3]

Moreover, Philips' second letter alleging infringement of the Asserted Patents may have been *dated* September 16, 2020, but Philips fails to mention that it was sent via overnight mail and was therefore *not received* until September 17, 2020, the date suit was filed.   *See* Newton Decl., Exh. E.   As such, Philips' filing of the Complaint in this action and contemporaneously received notice letter cannot serve as a plausible basis to infer that Dell knew of the Asserted Patents and

---

[2] U.S. Patent App. No. 10/521,858 issued as U.S. Patent No. 8,886,939.   *See* Newton Decl., Exh. D.

[3] The application leading to the '809 Patent was filed on November 11, 2014.   *See* D.I.1, Exh. A.   The applications leading to the remaining Asserted Patents were filed in 2016 and 2018.   *See* D.I.1, Exhs. B-D.

that its customers purportedly infringe by selling or using Dell digital video-capable devices. *See ZapFraud,* 528 F. Supp. 3d at 250, 252; *Dynamic Data Techs., LLC v. Brightcove Inc.*, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (dismissing induced infringement claims where requisite knowledge of infringement was purportedly provided by the complaint); *Express Mobile, Inc. v. Squarespace, Incl*, C.A. No. 20-1163-RGA, 2021 WL 3772040 (D. Del. Aug. 25, 2021) (letter sent one day before the complaint could not plausibly support indirect infringement claims).

### 2. Philips has failed to sufficiently allege that Dell knows that its customers infringe

The remaining Complaint allegations likewise do not recite facts that plausibly suggest that Dell knew its customers allegedly infringe or that the accused Dell products are somehow specially adapted to infringe. Philips alleges that Dell advertises its Accused Products; furnishes instructions, user guides and/or other documentation; and encourages the download of software updates.

But such alleged facts say nothing about Dell knowing that its customers were actually infringing or that its Accused Products have no noninfringing uses. Philips cannot state a claim by merely parroting the intent elements of induced or contributory infringement. *See AgroFresh*, 2019 WL 350620, at *5 (allegations tracking statutory language were insufficient for contributory infringement claim given no pleaded facts would "allow an inference that the components sold or

12

offered for sale have no substantial non-infringing uses"). Indeed, one can easily imagine the myriad of uses potential for Dell's laptops, PCs, tablets, servers, workstations and monitors other than practicing Philips' video content-sharing "inventions."

Moreover, generic statements about instruction manuals, user guides and software updates with nothing more does not plausibly suggest that Dell intended to induce its customers' infringement. *Dodots Licensing*, 2018 WL 6629709, at \*1 (generic references to "marketing materials, brochures, product manuals, and [Defendants'] website could not support inducement claim because they do not "plausibly suggest[] Defendants intend to induce infringement of the Patents-in-Suit"); *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29. F. Supp. 3d 455, 459 (D. Del. 2014) ("[M]arketing activities are not sufficient to constitute induced infringement unless the marketing activities are coupled with actual knowledge of the patents-in-suit and awareness that the accused products infringe the patents-in-suit.").

Because Philips' Complaint has alleged no plausible basis to infer the intent Dell must have for induced or contributory infringement, Philip's indirect infringement claims should be dismissed.

13

**B.     The ITC's noninfringement determination renders implausible the allegation that Dell believes it is inducing or contributing to its customer's alleged infringement**

In the ITC, Philips raised the same direct and indirect infringement claims against Dell targeting the same Dell products that Philips is pursuing in the instant action.  After many months of fact and expert discovery of the technical evidence underlying Dell's noninfringement defenses and a full week of live testimony and exhibits, the Commission agreed with Dell and determined that its products do not infringe the '186 and '564 Patents.  Newton Decl., Ex. B, pp. 2, 14-25, 34-40.

To be clear, Dell is not arguing that the Commission opinion alone precludes Philips' indirect infringement claims.  Indeed, the Federal Circuit has held that ITC decisions have no collateral estoppel effects in district court.   But, the Commission's opinion is now a fact in the public record, subject to judicial notice, and proper context for the Court to consider in deciding this motion at the pleading stage.  *See Koloni Reklam, Sanayi, Ticaret LTD/STI v. Viacom, Inc*., No. 16-285-SLR, 2017 WL 726660, at *1 (D. Del. Feb. 23, 2017) ("The court may take judicial notice of matters of public record"; granting motion to dismiss); *Hoai Dang v. Samsung Elecs. Co.*, No. 14-CV-00530-LHK, 2018 WL 6308738, at *9 (N.D. Cal. Dec. 3, 2018), *aff'd sub nom. Dang v. Samsung Elecs. Co., Ltd*, 803 F. App'x 137 (9th Cir. 2020) ("At the motion to dismiss stage, the Court may take judicial notice of public records, including records from judicial proceedings . . .

Thus, the Court takes judicial notice of the ITC orders."); *IPtronics Inc. v. Avago Techs. U.S., Inc.*, No. 14-CV-05647-BLF, 2015 WL 5029282, at *1 (N.D. Cal. Aug. 25, 2015) (granting requests for judicial notice of documents from the record of an ITC proceeding in deciding a motion to dismiss).   The opinion provides context within which to assess the plausibility of Philips' allegation that despite Dell's vindication at the ITC, Dell still somehow believes it is inducing infringement with products that have no substantial noninfringing uses.  *Iqbal*, 556 at 679 ("Determining whether a complaint states a plausible claim for relief [is] a ***context-specific*** task that requires the reviewing court to draw on its judicial experience and common sense.") (emphasis supplied).   Dell presented the Commission and Philips with its specific reasons for believing that its products do not infringe, and the Commission agreed with and adopted those reasons.  Philips has alleged no facts suggesting that Dell actually believes the Commission was mistaken when it ruled in Dell's favor.

### C.     Philips' indirect infringement claims should be dismissed without leave to amend

The standard for assessing whether an amendment would be futile is the same pleading sufficiency standard that applies under Fed. R. Civ. P. 12(b)(6). *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003) ("An amendment is deemed futile if it could not withstand a motion to dismiss."); *Cornell Univ. v. Illumina, Inc.*, No. 10-433-LPS-MPT, 2017 WL 89165, at *3

(D. Del. Jan. 10, 2017) ("In assessing futility of a proposed amendment, the same standard of legal sufficiency as under Rule 12(b)(6) is applied.") (internal citation and quotations omitted).   Thus, leave to amend is properly denied where a proposed amendment would not make plausible the allegations of intent required for indirect infringement.   *See E.I. Du Pont De Nemours & Co. v. Heraeus Precious Metals N. Am. Conshohocken LLC*, No. 11-773-SLR, 2013 WL 4047648, at *2 (D. Del. Aug. 8, 2013) ("[P]laintiff's proposed amendment must plausibly show that defendant specifically intended to induce infringement by a third party and had knowledge of infringement as of the date defendant allegedly knew of the '254 patent.") (internal citations omitted).

Here, Philip's infringement claims and Dell's defenses were subject to thorough discovery, extensive briefing and careful review and adjudication by the Commission.   Because Philips has no basis to allege facts showing that Dell believes the Commission's decision is wrong, it has no plausible claim that Dell possesses the requisite notice or intent for indirect infringement of the Asserted Patents.   Leave to amend would be futile and should thus be denied.

## V.   CONCLUSION

Philips' claims against Dell for induced and contributory infringement should be dismissed without leave to amend.

16

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Michael J. Newton
Brady Cox
ALSTON & BIRD LLP
2200 Ross Avenue
Chase Tower, Suite 2300
Dallas, TX  75201
(214) 922-3400

August 9, 2022

17

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing document contains 3,513 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the document.  It does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 9, 2022, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                     *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs Koninklijke Philips*
*N.V. and Philips North America LLC*

Michael T. Renaud, Esquire                               *VIA ELECTRONIC MAIL*
Adam S. Rizk, Esquire
Andrew H. DeVoogd, Esquire
Catherine Cheng Xu, Esquire
MINTZ LEVIN COHN FERRIS GLOVSKY
    & POPEIO PC
One Financial Center
Boston, MA  02111
*Attorneys for Plaintiffs Koninklijke Philips*
*N.V. and Philips North America LLC*

*/s/ Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)